## BARNSTABLE COUNTY.

### Gustavus F. Swift *vs.* George H. Pierce & another.

Evidence that an original charge in books of account was made to one person, and that an action was brought against such person to recover the amount thereof, is not conclusive evidence that the contract was made with him or on his credit.

If the defendant, in an action to recover on an oral promise to pay for goods delivered to another person, asks the court to rule that the action cannot be maintained if any credit was given to the person to whom they were delivered, and the court instead thereof rules that the defendant was a guarantor only if at the time the goods were delivered the plaintiff gave credit to the person who received them alone, and in such case the action could not be maintained, a verdict for the plaintiff will be set aside.

Contract brought to recover for certain goods delivered by the plaintiff to Joseph Hoar.

At the trial in the superior court, before *Brigham,* J., the evidence was conflicting as to the promise of the defendants to pay for the goods; and it appeared that they were entered in the plaintiff's books in Hoar's name, and were never charged to the defendants, and that the plaintiff commenced an action against Hoar for the value of the same, summoning the present defendants as trustees. Hoar was defaulted in that action, and the trustees discharged; and thereupon the plaintiff discontinued the action.

The defendants requested the court to charge the jury as follows: " If any credit was given to Hoar, to whom the articles were delivered, the contract of the defendants to pay for the

same was a collateral one, and void by the statute of frauds. The facts that the plaintiff charged the articles to Hoar and to no one else, and that he brought the action against Hoar, and summoned these defendants as trustees of Hoar, are conclusive as to the giving credit to Hoar, unless controlled by other evidence."

The judge did not so rule, but instructed the jury " that if they found that the defendants were guarantors only, they should find a verdict for them, and that the defendants would be guarantors only if at the time said articles were delivered to Hoar the plaintiff gave credit to Hoar alone ; " and that the jury were to consider the facts referred to, with other facts in the case, in deciding whether credit was given by the plaintiff to these defendants or to Hoar.

The jury returned a verdict for the plaintiff, and the defendants alleged exceptions.

*J. M. Day*, for the defendants.

*G. Marston*, for the plaintiff.

HOAR, J.   The ruling of the court upon the second point on which instructions were asked was correct.   The facts on which the defendants relied to show that credit was given to Hoar, though they were entitled to much consideration as evidence, were not conclusive.   Entries by the plaintiff in his own books were not a contract, but memoranda, which were open to explanation.   Even the bringing a suit against Hoar might be shown to have occurred by mistake.   *Gardiner* v. *Hopkins*, 5 Wend. 23.   *Keate* v. *Temple*, 1 B. & P. 158.   *Banfield* v. *Whipple*, 10 Allen, 27.

But on the other point we think the defendants have some ground for exception.   If the contract of the defendants was a collateral and not an original promise, then, being a promise to pay the debt of another, and not in writing, the statute of frauds was a good defence.   And the jury were rightly instructed that, if they found that the defendants were guarantors only, they should find a verdict for them.   But the learned judge added, and we fear from inadvertence, because it fails to state the whole rule of law applicable to the case, " that the defendants

would be guarantors only, if at the time said articles were delivered to Hoar the plaintiff gave credit to Hoar alone." The instruction should have been that the defendants would be only guarantors, unless, when the meats were delivered, the plaintiff gave credit to them. alone. It seems to be well settled by the authorities that where goods are delivered to one person, and another, not a joint contractor with him, promises to pay for them, if any credit is given to the former, the promise of the latter is collateral, and within the statute of frauds. Browne on St. of Frauds, § 197, and cases there cited. Chancellor Kent states the rule thus : " If the whole credit be not given to the person who comes in to answer for another, his undertaking is collateral, and must be in writing." 3 Kent Com. (6th ed.) 123. In *Cahill* v. *Bigelow*, 18 Pick. 369, Chief Justice Shaw announces the same doctrine : " The test is this, when the promise is made before the credit is given, to decide whether one promising is an original debtor or a guarantor, namely, whether credit was given to the person receiving the goods. If it was, then such promisor is a guarantor only, undertaking to pay another's debt ; if no credit was given to the person receiving the goods, then the promisor is himself debtor for goods sold to him and delivered to another person, by his order."

The statement of the learned judge was certainly true, that if the credit was given to Hoar only, the defendants were only guarantors. But he did not inform the jury that the defendants might be guarantors also in case any credit was given to Hoar, although the plaintiff gave credit in part to their guaranty beside. As the latter hypothesis was that which the defendants were attempting to support, and upon which they had asked instructions, we fear that the jury may have been misled by the omission. It might well be, and there was some evidence tending to show, that the plaintiff delivered the articles to Hoar, relying both upon his responsibility and the promise of the defendants. In that case, the defendants' promise was collateral As no instructions were given adapted to that state of facts, though asked by the defendants, there must be a new trial.

*Exceptions sustained.*